Purina M. Solomon, Appellant, *v.* Fred T. Corleto, et al., Appellees.

362

Argued April 4, 1975, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Yale B. Bernstein,* with him *Stanley Bashman,* for appellant.

*Louis F. Hinnon, III,* with him *James M. Penny, Jr.,* Assistant City Solicitor, *Raymond Kitty,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellees.

OPINION BY JUDGE CRUMLISH, JR., July 18, 1975:

In this appeal, we are asked to decide whether a probationary employee, as that term is defined in the Philadelphia Civil Service Regulations, after dismissal, is entitled to 1) a right of appeal, or 2) an opportunity for a hearing challenging the dismissal.

Purina Solomon (Appellant), a former employee of the City of Philadelphia on probationary status, was dismissed from her position of Social Worker I. On April 21, 1969, she was appointed and assigned to the Riverview Home for the Aged. The appointment was subject to a six month probationary period as delineated in Civil Service Regulation 14.01 which states in relevant part:

> *"Appointments from Eligible Lists.* All persons appointed from ... eligible lists shall be subject to a probationary period of six (6) months. ... The period of probation is expressly understood to be part of the entrance or promotional examination ... and that status of the appointee ... as a permanent employee is not approved until successfully completing her period of probation."

On June 23, 1969, Appellant received her initial performance report which rated her *"superior."* Thereafter, the reports were not as complimentary. The fifth performance report rated her "satisfactory" in two categories, but called for improvement in five other categories and gave her "no overall rating." That same day, Appellant received a Notice of Separation, and on June 24, 1969, she was served with a Rejection Notice during Probationary Period, thus terminating her employment. Pursuant to Civil Service Regulation 14.042, Appellant was denied both a hearing and right of appeal. That section states:

> "An employee who is rejected during the probationary period does not have the right to appeal to the Civil Service Commission against such action."

Following the denial of a hearing and the right of appeal, Appellant filed a Complaint in equity, praying

that the Court (1) enter a rule upon the Appellees declaring Civil Service Regulation 14.042 unconstitutional; (2) grant a hearing with regard to the dismissal; and (3) grant a right of appeal. The Court of Common Pleas of Philadelphia County, by order of the Honorable Judge NED HIRSH, discharged the rule and dismissed the complaint. This appeal followed.

Appellant frames the issues for our determination as follows:

1. Where the appointing authority failed to comply with Civil Service Regulations governing rejection of probationary employees by not obtaining the concurrence of the Department Head and Director prior to expiration of the probationary period, did Appellant not become a *permanent* employee prior to completion of formal rejection?

2. Where Appellant alleges that her dismissal was based *on non-merit factors,* was she entitled to a hearing wherein these allegations might be adjudicated?

3. Was Appellant entitled to *judicial review* of a final agency decision?

4. Was Appellant *denied procedural due process of law* in her removal from probationary employment under conditions clearly indicative of bias on the part of an administrative agency against an individual employee?

The initial argument of Appellant, is that the failure of the appointing authority to comply with rejection procedures during the probationary period, as outlined in Civil Service Regulations 14.041—14.0414,[1] elevates the

---

1. "14.04 *REJECTION OF EMPLOYEE DURING PROBATIONARY PERIOD.* At any time during the probationary period, the appointing authority, or his designated representative, with the approval of the Director, may discharge or demote a probationary employee, if said appointing authority, or his designated representative, determines that such employee is unable or unwilling to perform his duties satisfactorily or that his habits and dependability do not merit his continuance in the City service. The appointing authority, or his designated representative, may,

probationary employee to permanent employee status, thus allowing the rights of appeal and hearing to attach pursuant to Section 17 of the Civil Service Regulations which deals with rights of permanent employees. The conclusion that Appellant enjoys permanent employee status is based on the rationale that failure to follow proper procedure in dismissal[2] during the probationary period would mean that no valid probationary dismissal

depending upon the circumstances justifying the rejection, recommend that the name of the rejected probationer be either removed or restored to the eligible list.

"14.041 REJECTION PROCEDURE. The following steps are to be taken in the order given in rejecting employees during the probationary period:

"14.0411 *Preparation of Notice.* The employee shall be notified in writing of his rejection. The notice to the employee shall be prepared by the employee's supervisor and should indicate the specific reasons recommending rejection. This supervisor need not but should preferably be the employee's immediate supervisor.

"14.0412 *Department Head Concurrence.* Concurrence with the recommended rejection must next be obtained through signature of the head of the department or his designated representative.

"14.0413 *Director's Concurrence and Effective Date.* On or before the proposed effective date of rejection, three copies of the notice of rejection shall be submitted to the Director. Written consent of the Director must be obtained before rejection can be made. The rejection cannot be effective after the last day of the probationary period.

"14.04131 *Suspension.* In instances in which the employee has committed some act which requires, in the City's interest, that he immediately be removed from his position, he should first be suspended in accordance with existing Regulations and procedures. The length of suspension should cover the period to permit the processing of the rejection forms.

"14.0414 *Notice to Employee.* A copy of the completed Notice of Rejection shall be personally delivered or sent by registered mail to the employee. The rejection of the employee during the probationary period is then complete."

2. The alleged irregularity was the failure of the department head or director to concur in the Report of Separation pursuant to Section 14.0412.

ever occurred. Therefore, Appellant would continue in her job past the effective date on which she would become a permanent employee. After the final day of the probationary period had passed, Appellant would have to be dismissed, if at all, as a permanent employee who enjoys the rights of hearing and appeal.

Although this issue was not addressed in the memorandum opinion of the lower court, it was sufficiently preserved for purposes of appeal in that it was raised in Appellant's memorandum in support of the complaint and argument below.

Appellee's answer to this argument is that there is "no evidence in the record to support Appellant's averments as to lack of concurrence," and Appellee includes in its brief the Report of Separation and Rejection Notice which contain the signature of the Deputy Personnel Director and a certification dated three weeks prior to the termination of the probationary period. This offer would undoubtedly tend to substantiate a finding of proper probationary termination and it indeed would be appealing to accept this evidence to substantiate Appellee's argument. But we are in no position to do so since here we do not sit *de novo*, but rather as an appellate court reviewing the record made below. We explicitly rejected that practice in *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Shisslak*, 12 Pa. Commonwealth Ct. 168, 170, 316 A. 2d 684, 685 (1974), where we referred to omissions in the record below by stating "[c]ognizant of these omissions, the Commonwealth has attempted to enlarge the record by appending the missing documents to its supplemental brief. Absent a stipulation of counsel admitting the identity and authenticity of these documents as the exhibits at issue or a petition by the Commonwealth to amend the record, our review is restricted to the record as it was certified by the court below."

The record before us merely consists of the Complaint in equity, the requested rule, the attendant memorandum

of law of Appellant and the lower court's order and opinion. Curative and expansive efforts in Appellee's appellate brief cannot make for our examination a body where a skeleton exists. Notwithstanding Appellee's defective attempt to enlarge the record, Appellant still cannot prevail as she had the burden of proof as the complaining party and failed to carry that burden. Appellee is correct in stating that the record is devoid of evidence to support Appellant's contention with respect to concurrence and in light of the fact that the burden rested with Appellant, we must reject this argument.

Appellant's second argument, that her dismissal was based on non-merit factors, thus entitling her to a hearing, also lacks merit. If this contention had been properly raised, a hearing should be granted. *Hunter v. Jones,* 417 Pa. 372, 207 A. 2d 784 (1965). A careful review of Appellant's Complaint, however, does not support her contention that she was fired because of non-merit or political motives. Appellant argues that the non-merit basis is implicit in the language of the complaint. We find no such implication. Under these circumstances, the court below did not abuse its discretion by denying relief. A court may not act on mere implication. Averments must be clear and precise and it may not speculate.

The third issue before us is obliquely related to the question of whether appeal was improperly denied. Regulation 14.042 denies a dismissed probationary employee the right of appeal to the Commission. We hold that the regulation is valid for the short answer to Appellant's contention is that it has long been the law in Pennsylvania that the appointing officer's decision as to whether a probationer's conduct was unsatisfactory during the probationary period is final and is not appealable. *See Hunter v. Jones, supra; Matz v. Clairton City,* 340 Pa. 98, 16 A. 2d 300 (1940); *Civil Service Commission of Pittsburgh v. Walsh,* 12 Pa. Commonwealth Ct. 26, 315 A. 2d 326 (1974). As the issue of non-merit, political

368

dismissal was not properly before the court below, no grounds for a hearing existed. It follows that no appeal may be taken since appointing authorities who exercise their discretion when they dismiss a probationary employee are expressly immunized from appeal. *Hunter, supra,* allows a hearing on discriminatory dismissal, and a fair inference would allow appeal of an adverse ruling. But here, since the hearing was denied properly by the court below, we need not reach the question of appeal of a hearing convened on discriminatory firing.

Finally, Appellant argues that she was denied the procedural due process mandated by *Wasniewski v. Civil Service Commission,* 7 Pa. Commonwealth Ct. 166, 299 A. 2d 676 (1973). The procedural safeguard at issue in *Wasniewski, supra,* was the exercise of control of the prosecutory and the adjudicative functions by the State Civil Service Commission when a probationary employee was removed. There Judge MENCER narrowed the issue as follows, "[a]bsent a showing of actual bias [*see Gardner v. Repasky,* 434 Pa. 126, 252 A. 2d 704 (1969)] did the municipality or its agency provide reasonable procedural safeguards to assure the protection of the respondent's right to a fair and unbiased adjudication? Donnon v. Downingtown Civil Service Commission, . . . 3 Pa. Commonwealth Ct. at 369, 283 A. 2d at 94." *Wasniewski,* 7 Pa. Commonwealth Ct. at 170, 299 A. 2d at 678. In *Wasniewski,* the coalescing of the prosecutory and adjudicative into *one individual* was the turpitive procedural conduct. Here, it is difficult to decipher the precise procedure which is the subject of Appellant's complaints but it appears that she frames the challenge in terms of broad inter-agency bias and the lack of a hearing. These are not the kinds of challenges envisioned in *Wasniewski.* We reject this final argument.

Consistent with the foregoing, the order of the lower court is affirmed.