378 A.2d 346

**COMMONWEALTH of Pennsylvania**

v.

**George MILCHAK, Appellant.**

Superior Court of Pennsylvania.

Argued April 11, 1977.

Decided Oct. 6, 1977.

James H. Stratton, Jr., Assistant Public Defender, Ebensburg, for appellant.

John J. Kuzmiak, Assistant District Attorney, Ebensburg, with him D. Gerard Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

JACOBS, Judge:

This appeal arises from an "unofficial order of delinquency"[1] adjudicating the appellant delinquent, and ordering him to pay $40.00 per month for the support of his bastard child. Appellant challenges this order on the basis that the Juvenile Court lacks authority to order him to pay support under the Juvenile Act.[2] The Commonwealth contends, however, that the order was properly entered pursuant to the Juvenile Court's broad powers to determine the proper disposition of a delinquent child. For the following reasons, we reverse the support order entered by the court below.

On May 24, 1976, appellant was charged in a juvenile petition with failing to support his child born out of wedlock to the petitioner's daughter, in violation of 18 Pa.C.S.

[1] The trial judge's adjudication in this case is confusing in two respects. At the conclusion of testimony, he said "I am going to make an unofficial order of delinquency because I don't want to see you have a record, as I indicated before this is a social tragedy and not a crime." N.T. p. 18. § 50–320(a) of the Juvenile Act makes no provision for this order. Rather, it provides that after hearing the evidence on the petition, the court shall make and file its findings as to whether the delinquent acts ascribed to the child were committed by him.

The court also proceeded immediately upon adjudication to enter its order requiring appellant to pay support. We note that while § 50–320(b) does not require a postponed dispositional hearing, a dispositional hearing is nonetheless required to hear evidence as to whether the child is in need of treatment, supervision or rehabilitation.

[2] Act of December 6, 1972, P.L. 1464, No. 333, §§ 1–40, 11 P.S. §§ 50–101–50–337 (Supp. 1977–78).

§ 4323.[3]  A hearing on this petition was held July 14, 1976, and testimony indicated that appellant and Jean Thomas engaged in sexual intercourse beginning in August, 1975, which resulted in the birth of a child on April 28, 1976. Appellant was subsequently found delinquent for failure to support the child, and ordered to pay $40.00 per month for that purpose.  We allowed this appeal *nunc pro tunc* on September 9, 1976.

The Juvenile Act provides:

"§ 50–322.  Disposition of delinquent child

If the child is found to be a delinquent child the court may make any of the following orders of disposition best suited to his treatment, supervision, rehabilitation, and welfare:

(1) Any order authorized by section 24 for the disposition of a deprived child.

(2) Placing the child on probation under supervision of the probation officer of the court or the court of another state as provided in section 24.2 under conditions and limitations the court prescribes.

(3) Committing the child to an institution, youth development center, camp, or other facility for delinquent children operated under the direction or supervision of the court or other public authority and approved by the Department of Public Welfare.

(4) Committing the child to an institution operated by the Department of Public Welfare or special facility for children operated by the Department of Justice."  Act of December 6, 1972, P.L. 1464, No. 333, § 25, 11 P.S. § 50–322 (Supp. 1977–78).

The language of the Act is clear that orders of disposition following an adjudication of delinquency are limited by § 50–322 of the Act.  Furthermore, we put the Commonwealth's limitless discretion argument to rest when we said:

"The Section (50–322) clearly confines the discretion of the lower court to choosing the most appropriate of the

3.  Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 4323 (1973).

384

four enumerated orders of disposition in a particular situation. To rule otherwise would not only distort the express provisions of Section 50–322, but also ignore the underlying purpose of the Juvenile Act." *In Re Gardini*, 243 Pa.Super. 338, 340, 365 A.2d 1252, 1253 (1976) (footnotes omitted).

■ Under the clear language of the Juvenile Act Section 24 does not authorize the court to impose a support order and we are therefore compelled to hold that the Juvenile Court is without statutory authority to order a juvenile to pay support for his illegitimate child. Order reversed.

VAN der VOORT, J., did not participate in the consideration or decision of this case.