393 A.2d 993

In the Interest of Stephen Michael CARROLL.

Appeal of Stephen Michael CARROLL.

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Decided Nov. 1, 1978.

Richard A. Consiglio, Altoona, for appellant.

Frederick B. Gieg, Jr., Altoona, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

Appellant, a juvenile, contends that he was unlawfully committed to a youth detention home solely because his mother was unable to pay restitution ordered in appellant's uncontested delinquency hearing. We agree, and therefore reverse the decision below and vacate the order committing appellant to the Youth Development Center of Loysville, Pennsylvania.

On September 21, 1977, the appellant and another juvenile appeared in Juvenile Court and admitted to various offenses. The hearing judge found appellant to be delinquent, and entered an order placing him on probation for two years. Further, appellant's mother was ordered to make restitution of $301.14. Lastly, it was directed that if appellant violated his probation, he would be committed for an indeterminate period of time to the Youth Development Center.

Whereupon, the transcript reveals that the following occurred:

"THE COURT: Do you understand the disposition, Carroll?

"STEVEN CARROLL: Yes, sir.

"THE COURT: Do either of you have any questions? (Both boys answer no.)

"THE COURT: That's all.

(At this time, another case is called into the Courtroom and the proceeding starts, and is subsequently interrupted.)

"THE COURT: What's the difficulty there?

(Unintelligible reply.)

"The Carroll boy. What about him?

(Unintelligible reply.)

"Bring them back in. All of them. What's the trouble and difficulty?

(Unintelligible reply.)

"Pardon me?

"STEVEN CARROLL: My family does not have the money to pay, so I'll go to the Detention Home, instead.

"THE COURT: No, we can't have you at the Detention Home for that period of time, Mr. Carroll.

"STEVEN CARROLL: I'm sorry, we don't have the money.

"THE COURT: Well, I'm sorry too, that you don't have the money. We'll change and modify the order, Miss Hufford. The order in the Carroll matter: . . .."

The court then entered its second order, committing appellant to the detention home for an indeterminate period of time. This appeal is from that order of commitment.

It is rather plain from the record that appellant was incarcerated because of his mother's inability to pay the restitution order. While a juvenile found delinquent may be incarcerated,[1] he may not, as appellee Commonwealth admits in its brief, be incarcerated for the parent's inability to pay restitution.[2] Here, upon the finding of delinquency, the judge placed appellant on two years probation. After learning of the mother's inability to pay, the judge changed his order to incarcerate appellant. This was beyond the statutory authority of a Juvenile Court.[3] Therefore, the commitment order must be vacated.

1. The Juvenile Act, Act of December 6, 1972 P.L. 1464, No. 333, § 25; 11 P.S. § 50–322(3) (Supp.1978–79).

2. *See* the Liability For Acts statute, Act of July 27, 1967 P.L. 186, § 3; 11 P.S. § 2003(a) (Supp.1978–79) which gives the Juvenile Court authority to direct the parents of juveniles found delinquent to reimburse any person damaged by the delinquent acts of the juvenile. The only remedy provided for the parent's noncompliance is an action in assumpsit.

3. *Cf. Commonwealth v. Milchak*, 249 Pa.Super. 381, 378 A.2d 346 (1977) (no jurisdiction to impose child support order); *In re Rudy*, 250 Pa.Super. 442, 378 A.2d 1019 (1977) (fines); *In re Garman*, 250 Pa.Super. 54, 378 A.2d 449 (1977) (restitution). It is now well-settled that a Juvenile Court may only choose among the four orders of disposition in 11 P.S. § 50–322 pursuant to a delinquency adjudication. *In re Gardini*, 243 Pa.Super. 338, 365 A.2d 1252 (1976).

In his opinion, the hearing judge below maintains that he changed his order not because of the mother's inability to pay restitution, but because of a ruckus allegedly created by appellant outside the courtroom. The Commonwealth also argues that in creating this disturbance, appellant violated the order of probation which had just been imposed upon him, and that it was for this probation violation that appellant was committed to the detention home. The record does not reveal what caused the interruption in the proceedings or that appellant had anything to do with the interruption. Indeed, the transcript does not indicate that the hearing judge even perceived appellant to have violated his probation because of whatever occurred. Since the disturbance took place outside of the courtroom, it is also not apparent from the record how the hearing judge could have witnessed any probation violation by the appellant, who was also not in the courtroom at the time.[4] Moreover, we may not accept *ex post* rationalizations when it is palpably clear from the record upon what basis the decision below was actually made. The opinion itself of the court below is not part of the record. *In re Independence Party Nomination*, 208 Pa. 108, 111, 57 A. 344 (1904); *Buckley v. Duff*, 111 Pa. 223, 227, 3 A. 823 (1886). An appellate court will not accept a statement in the opinion of the lower court indicating upon what theory the case was decided, where there is evidence to the contrary in the record. *See John Deere Plow Co. v. Hershey*, 287 Pa. 92, 96, 134 A. 490 (1926).

4. A trial judge may summarily find an individual in direct criminal contempt without formal proof when the offending act is committed in the presence of the judge in the court. *Commonwealth v. Mayberry*, 459 Pa. 91, 327 A.2d 86 (1974); *Appeal of Levine*, 372 Pa. 612, 95 A.2d 222 (1953); *In re Ebo*, 244 Pa.Super. 163, 366 A.2d 1243 (1976). By the same principle, a judge may summarily find a probation violation, but only for acts done in his courtroom, and not, as here, for acts outside the court.

The Commonwealth has attempted to bolster this argument by alleging facts in its brief to the effect that the area of the disturbance was visible from the judge's bench, through a glass door. However, we are bound to consider only those facts which are in the record, and may not consider those injected by the briefs of counsel. *In re Legislative Route 1018*, 422 Pa. 594, 222 A.2d 906 (1966); *Solomon v. Corleto*, 20 Pa.Cmwlth. 361, 340 A.2d 920 (1975).

The decision below is reversed and the second order of September 21, 1977, committing appellant to the Youth Development Center at Loysville, Pennsylvania, is vacated. The first order of September 21, 1977, placing appellant on two years probation, is wholly reinstated.

VAN der VOORT, J., concurred in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.