Samuel Zinman, Petitioner *v.* Commonwealth of Pennsylvania, Department of Insurance, Respondent; Frankford Union Mutual Insurance Company, Intervenor.

Argued February 9, 1979, before Judges CRUM-LISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*John F. Gough,* with him *William O. Evans,* and *White and Williams,* for petitioner.

*Joseph Kenneth Hegedus,* Assistant Attorney General, with him *John H. Isom,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MENCER, April 25, 1979:

This is a case of first impression involving the interpretation and application of Sections 3 and 4 of the Act of December 10, 1970, P.L. 884 (Act), 40 P.S. §§1010.3-.4, which regulate the conditions under which the Insurance Commissioner (Commissioner) may approve the conversion of a mutual insurance company

to a stock insurance company. Unfortunately, in making his decision to approve the conversion of Frankford Union Mutual Insurance Company (Frankford), the Commissioner improperly relied upon documents which had never been introduced into evidence at the hearing held pursuant to Section 4 and which are not part of the record before us on appeal. We must therefore vacate his order and remand the case for further consideration.

Section 3 of the Act provides that any mutual insurance company intending to convert to a stock company must file with the Commissioner a plan of conversion containing, *inter alia*, a list of "owners" as that term is defined in Section 1, 40 P.S. §1010.1. Section 4 of the Act provides as follows:

The commissioner after making an examination of the company and holding a hearing shall determine whether or not:

(1) The plan of conversion filed pursuant to section 3 of this act is fair to the owners and creditors of the company and complies with the requirements of said section 3; and

(2) He has any reason to believe that after such conversion the company will not continue to comply in all respects with the laws and regulations of this Commonwealth governing insurance.

The commissioner shall notify the company of his determination.[1]

At the hearing held on Frankford's conversion pursuant to Section 4, Samuel Zinman (Zinman), a former member and director, and an alleged "owner," of Frankford was granted permission to intervene and contest the conversion. Zinman contended that

---

[1] Hearings held pursuant to Section 4 must be conducted in accordance with the Administrative Agency Law, 2 Pa. C.S. §501 et seq. Section 6 of the Act, 40 P.S. §1010.6.

he owned one-third of the outstanding certificates issued pursuant to Section 809 of The Insurance Company Law of 1921 (Insurance Law), Act of May 17, 1921, P.L. 682, *as amended*, 40 P.S. §919, that he was therefore an ''owner'' of Frankford within the meaning of Section 1 of the Act, and that he had been improperly omitted from the list of ''owners'' in the plan of conversion. Zinman also contended that Frankford had engaged in illegal or questionable activities in the past and that these activities constituted reason to believe Frankford would not ''continue'' to comply with the law after the conversion. The Commissioner rejected these contentions and entered an order approving the conversion. Zinman then appealed to this Court.

With regard to Zinman's first contention, the evidence fully supports the Commissioner's finding that *all* of the outstanding certificates issued pursuant to Section 809 of the Insurance Law are owned by a corporation of which Zinman is a one-third owner. Zinman himself testified that he had never even seen the certificates and did not know their location.

Zinman's second contention, that there is reason to believe that Frankford will not continue to comply with the law, is somewhat more difficult. Zinman presented uncontradicted evidence that in 1970 his signature was forged on two documents entitled ''Waiver of Notice'' which purported to waive the notice requirements of Section 304 of the Insurance Law, 40 P.S. §424, relative to annual meeting of stockholders or members. The original minutes of the meetings to which these two documents referred indicated that Zinman was present at the meetings, but Zinman testified that he had not in fact been present. Zinman further testified that the waivers of notice and the original minutes were subsequently removed by a person or persons unknown and replaced with new

documents from which Zinman's name and signatures had been omitted. Both of the meetings to which the documents referred considered a specific piece of property owned by Frankford. At the second meeting, the sale of this property to two of Frankford's directors was approved. Frankford offered no evidence to rebut or explain the above evidence, despite the fact that Frankford's chairman of the board testified as to other matters.

In addition, Frankford admitted the interest payments for the years 1973 and 1974 were made without the approval of the Commissioner, in violation of Section 809 of the Insurance Law.

The Commissioner, in his decision ignored the alleged forgeries and the removal and substitution of company records. Instead, he relied upon documents apparently attached to Frankford's posthearing brief to find that the property sold to the two directors had been sold for its fair value. It is of course, fundamental that matters attached to or contained in briefs are not evidence and cannot be considered part of the record either before an administrative agency or on appeal. *See, e.g., Pennsylvania Labor Relations Board v. State Liquor Control Board*, 28 Pa. Commonwealth Ct. 145, 367 A.2d 805 (1977); *Department of Transportation, Bureau of Traffic Safety v. Shisslak*, 12 Pa. Commonwealth Ct. 168, 316 A.2d 684 (1974). Zinman had no opportunity to respond to these documents or to offer evidence in rebuttal, and we are unable to review items which are not part of the record to ascertain the correctness of the Commissioner's decision.

We do not mean to suggest that facts alleged by Zinman, even if true, would necessarily require the Commissioner to disapprove the conversion. The Commissioner, in making a determination under Section 4, must exercise discretion in determining wheth-

er or not apparently isolated incidents several years in the past are sufficiently serious to be regarded as indications that illegal activities are likely to occur in the future. Nevertheless, because we do not know how the Commissioner would have exercised his discretion had he not improperly considered matters outside of the record and because he made no specific findings concerning the 1970 incidents, we must remand this case for further consideration and disposition.

### ORDER

AND Now, this 25th day of April, 1979, the order of the Insurance Commissioner dated October 3, 1977, approving the Plan of Conversion of Frankford Union Mutual Insurance Company, is hereby vacated, and the record is remanded for further proceedings and disposition not inconsistent with this opinion.