440 A.2d 585

COMMONWEALTH of Pennsylvania,

v.

**Gerald STANTON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed Jan. 19, 1982.

518

James A. Doherty, Scranton, for appellant.

Robert A. Mazzoni, District Attorney, Scranton, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

Appellant pleaded guilty on January 28, 1976 to a charge of Theft by Receiving Stolen Property [1] pursuant to a plea bargain and was sentenced to a term of imprisonment of not less than one nor more than four years. The sentencing judge directed that the sentence be served consecutively to a sentence upon an unrelated charge then being served by Appellant. Appellant filed a timely appeal in this Court from the judgment of sentence and we affirmed by per curiam order.[2]

Appellant then filed a petition attacking his guilty plea pursuant to the Post Conviction Hearing Act [3] (PCHA), contending that his guilty plea was unlawfully induced by the ineffective assistance of counsel who represented him at the time of his guilty plea. Appellant's single specification underlying his charge of ineffectiveness was, and remains, the failure of counsel to file a motion to suppress an alleged-

---

* Judge John Q. Stranahan, of the Court of Common Pleas of Mercer County, Pennsylvania, is sitting by designation.

    Judge Leonard Sugerman, of the Court of Common Pleas of Chester County, Pennsylvania, is sitting by designation.

1. 18 Pa.C.S.A. § 3925.

2. *Commonwealth v. Stanton*, 244 Pa.Super. 585, 371 A.2d 865 (1976).

3. Act of January 25, 1966, P.L. (1965) 1580, § 1, 19 P.S. §§ 1180–1 et seq. (Supp.1979–80)

ly coerced incriminatory statement given by Appellant to the Pennsylvania State Police.[4]

The lower court convened an evidentiary hearing upon Appellant's PCHA Petition at which Appellant, his guilty-plea counsel, and Trooper Owczarski, the Pennsylvania State Policeman to whom Appellant made his incriminatory statement testified at length. Following the hearing, the court filed an opinion in which it found that counsel's decision to forego filing a motion to suppress the statement had a reasonable basis designed to effectuate his client's interests. The court further found Appellant's statement to have been voluntarily and intelligently given, without coercion, and denied Appellant relief.

The findings of the lower court are set forth in its opinion:

"This Court finds that counsel's decision not to file a Motion to Suppress did have a reasonable basis designed to effectuate his client's interests.

This Court finds from the evidence that the Defendant's statements were voluntary, after a knowing and intelligent waiver of his constitutional rights to remain silent.

The Court further finds that there were no threats made against the Defendant or his family by any law enforcement personal or anyone acting in their behalf to induce any incriminating statements." *Id.* at 2.

Appellant, on appeal, in addition to pursuing his contention that counsel was ineffective in failing to file a motion to suppress the statement, also asserts three errors that he contends resulted in a prejudiced and tainted PCHA hearing: (A) the refusal of the hearing judge to recuse himself; (B) the "court's failure to completely transcribe all of the testimony" received at the hearing; and (C) the denial by the court of a motion made by Appellant's counsel at the outset of the hearing to require the District Attorney to produce a prisoner incarcerated in New Jersey as a witness,

4. Appellant's PCHA petition and an amendment thereto were filed pro se. Counsel was then appointed for Appellant and counsel filed a second amendment to the PCHA petition. The three petitions set forth a series of allegations relating to the allegedly coercive nature of the statement.

and the refusal of the court to receive the testimony of two additional defense witnesses. We dispose of the latter three contentions before we discuss the stewardship of Appellant's guilty plea counsel.

## I.

### ASSERTED PCHA HEARING ERRORS

### (A.)

Appellant asserts that the PCHA hearing judge should have recused himself from the proceedings. In his brief filed here, Appellant notes that prior to the PCHA hearing, Appellant filed a civil suit in the United States District Court for the Middle District of Pennsylvania, against the Lackawanna County Prison Board. At the date the suit was instituted, the PCHA hearing judge sat as a member of the Prison Board. Although Appellant articulates no specific examples of bias or prejudice in the record, painting with a broad brush Appellant argues that the position of the hearing judge, as a defendant in Appellant's civil action and at the same time,[5] sitting as Appellant's PCHA hearing judge, ". . . is a direct conflict of interest and reflects a material bias by [the judge] against Appellant". Appellant's Brief at 9.

The record made at the PCHA hearing indicates quite clearly that at no time did Appellant's counsel request that the hearing judge recuse himself. Nor are any of the "facts" concerning Appellant's civil action contained in the record. Such information, if it is that, appears for the first time in Appellant's appellate brief.[6]

The practice of setting forth facts in a party's brief but not of record has been specifically condemned and we

5. Appellant does not tell us the nature of the civil litigation, when it was commenced, or the posture of the litigation at the date of the PCHA hearing, and as we shall momentarily observe, the record of the PCHA hearing is devoid of such information.

6. At no time during the hearing did Appellant's counsel even allude to the status of the hearing judge as a defendant in Appellant's civil litigation. A defendant may for any reason he chooses, waive his

may not, as a reviewing court, consider them. *In re Legislative Route 1018*, 422 Pa. 594, 595 n. 1, 222 A.2d 906, 907 n. 1 (1966); *Marine Bank v. Huhta*, 279 Pa.Super. 130, 139 n. 5, 420 A.2d 1066, 1070 n. 5 (1980); *Gee v. Eberle*, 279 Pa.Super. 101, 120, 420 A.2d 1050, 1060 (1980); *Pennsylvania Higher Education Assistance Agency v. Devore*, 267 Pa.Super. 74, 77 n.3, 406 A.2d 343, 344 n. 3 (1979) (Quoting from *In the Interest of Carroll*, 260 Pa.Super. 23, 27 n. 4, 393 A.2d 993, 995 n.4 (1978)). As the Commonwealth Court succinctly put it, in *Zinman v. Com. of Pa., Dept. of Insurance*, 42 Pa. Cmwlth.Ct. 270, 400 A.2d 689 (1979):

> "It is of course fundamental that matters attached to or contained in briefs are not evidence and cannot be considered part of the record ... on appeal. [Citations omitted]" *Id.*, 42 Pa.Cmwlth. at 274, 400 A.2d at 691.

We further note that the party who asserts that a judge should be disqualified bears the burden of producing *evidence* establishing the bias, prejudice or unfairness necessitating recusal, *Commonwealth v. Perry*, 468, Pa. 515, 364 A.2d 312 (1976); *Commonwealth v. Council*, 491 Pa.Super. 434, 421 A.2d 623 (1980); *Commonwealth v. Darush*, 279 Pa.Super. 140, 420 A.2d 1071 (1980); *Commonwealth v. McQuaid*, 273 Pa.Super. 600, 417 A.2d 1210 (1980), and a failure to adduce *competent* evidence will result in a denial of a recusal motion. *Commonwealth v. Darush, supra; Commonwealth v. Martin*, 262 Pa.Super. 113, 396 A.2d 671 (1978). Most assuredly, we will not consider the issue on appeal in the absence of competent evidence or a record of any kind. Appellant's contention is frivolous and he cannot prevail.

### (B.)

Appellant next contends that a colloquy between the judge and Appellant at the conclusion of the PCHA hearing

right to have a judge disqualified, and if he does, he cannot be heard to complain following an unfavorable result. *Commonwealth v. Corbin*, 447 Pa. 463, 291 A.2d 307 (1972); *Commonwealth v. Fields*, 221 Pa.Super. 238, 331 A.2d 494 (1974).

was not transcribed. Appellant asserts in his brief that the "missing colloquy evidences bias by the Court against the Appellant". Appellant's Brief at 8. As a result, Appellant argues, "he cannot receive a proper review" by this Court. *Id.* The Commonwealth contends, to the contrary, that no such colloquy occurred.

The record is devoid of any objection by Appellant to the transcript, as filed, and the transcript is certified by the hearing judge who then directed that it be filed. The parties agree that on January 11, 1979[7], Appellant's counsel transmitted a letter to the Prothonotary of this Court complaining of the omission. Our Prothonotary directed the parties to submit the matter to the lower court for resolution of the dispute.

The parties also agree that the matter was then submitted to the PCHA hearing judge and that the judge did not recall any such colloquy and was satisfied that the transcript was complete.

Pa.R.A.P. 1922 sets forth the procedure to be followed in the event a party objects to a transcript as lodged. The Rule provides:

"[Rule 1922. Transcription of Notes of Testimony.] (a) General Rule.—Upon receipt of the notice of appeal the official Court Reporter shall proceed to have his notes transcribed, and not later than fourteen (14) days after receipt of such notice shall lodge the transcript (with proof of service of notice of such lodgment on all parties to the matter) with the clerk of the lower court. Such notice by the Court Reporter shall state that if no objections are made to the text of the transcript within five (5) days after such notice, the transcript will become a part of the

7. The date stamp on the transcript of the hearing indicates that it was lodged in the office of the Clerk of Courts of Lackawanna County on December 28, 1978.

record. If objections are made the difference shall be submitted to and settled by the lower court. . . ." [8]

Pa.R.A.P.1926 sets forth the procedures to be followed to correct a record and that Rule provides:

"[Rule 1926. Correction or Modification of the Record.]

If any difference arises as to whether the Record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by the court after notice to the parties and opportunity for objection, and the record made to conform to the truth . . ." [9]

At the very least, it is clear that Appellant failed to interpose an appropriate objection in accordance with the requirements of Pa.R.A.P.1922, and Appellant is bound by the transcript, as lodged. *Commonwealth v. Percell*, 274 Pa.Super. 152, 159 n. 4, 418 A.2d 340, 344 n. 4 (1979). It also appears, however, that the spirit, if not the letter of Pa.R.A.P.1926 was complied with and the "difference" between the parties as to whether the record "truly discloses what occurred in the lower court" was indeed submitted to the lower court and resolved by it. Appellant's contention is baseless and we do not consider it.

### (C.)

Continuing his attack upon his PCHA hearing, Appellant lastly contends that the hearing court prejudiced his right to a fair hearing when "it denied Appellant's motion to call certain necessary witnesses". Appellant's Brief at 7. We briefly recount the events underlying Appellant's contention as gleaned from the record. Appellant pleaded guilty to a charge of theft by receiving a truckload of stolen zinc ingots. At the outset of the hearing, Appellant's counsel

8. Pa.R.A.P.1922(c) sets forth the procedure to be followed by the trial judge once an objection to a transcript is made pursuant to Pa.R.A.P. 1922(a).

9. The *Note* to Pa.R.A.P.1926 provides in part:

"... This rule is intended to close a gap in the prior practice whereby the lower court could not correct an error discovered in writing an opinion under Rule 1925 ..."

asked the court to direct the District Attorney to produce as a witness a prisoner then incarcerated in a New Jersey prison. Before ruling on counsel's request, the court asked for an offer of proof. Appellant's counsel responded, advising the court that if called, the prisoner witness could testify that at the time Appellant was apprehended, he was lawfully operating the truck containing the ingots, having been employed to do so. The court found the proposed testimony to relate to the question of Appellant's guilt or innocence and thus irrelevant, and thereupon denied counsel's request.

A few moments later, Appellant's counsel advised the court that at Appellant's request, he had subpoened two truckdrivers, only one of whom had been served, who would testify that when apprehended, Appellant was "legally and properly" engaged in the business of transporting zinc ingots. Neither witness was then present in court. Again, the court ruled that such testimony, directed as it was to the question of guilt or innocence, was irrelevant.

These rulings were obviously correct and Appellant's argument to the contrary is frivolous. Appellant's PCHA petition, and the amendments thereto, raise only the narrow issue of guilty plea counsel's ineffectiveness in failing to move to suppress an allegedly coerced confession. Our Supreme Court has repeatedly held that neither Trial nor Appellate Courts in this Commonwealth may consider issues unless they are presented in properly filed PCHA petitions. *See, e.g., Commonwealth v. Zillgitt*, 489 Pa. 189, 413 A.2d 1078 (1980); *Commonwealth v. Wilson*, 482 Pa. 350, 393 A.2d 1141 (1978); *Commonwealth v. Mitchell*, 477 Pa. 274, 383 A.2d 930 (1978). The issues sought to be addressed by Appellant's three proposed witnesses were indeed irrelevant to the single issue before the lower court and counsel's offers of proof were properly refused. We discern no error.[10]

10. In view of our disposition of this issue, we need not consider the question of the untimeliness of counsel's request to secure the prisoner witness. *See Commonwealth v. Reese*, 237 Pa.Super. 326, 352 A.2d 143 (1975). It is also settled that the grant or denial of a motion

## II.

## INEFFECTIVENESS OF COUNSEL

We finally consider Appellant's principal contention that his guilty plea counsel was ineffective for failing to file a motion to suppress Appellant's allegedly coerced confession.

■ It must first be remembered that Appellant has been afforded a hearing upon his allegation and has not prevailed. In reviewing the PCHA court's determination, our task is not to engage in a *de novo* evaluation of the testimony presented at the PCHA hearing. Rather, we look to whether the PCHA court's determination is supported by evidence of record and is otherwise free of legal error. *Commonwealth v. Lutz*, 492 Pa. 500, 424 A.2d 1302 (1981).

In *Commonwealth v. Edwards*, 273 Pa.Super. 351, 355, 417 A.2d 685, 687 (1979), we quoted from *Commonwealth v. Lee*, 478 Pa. 70, 75, 385 A.2d 1317, 1320 (1978) (which in turn quoted *Commonwealth v. Sullivan*, 472 Pa. 129, 145, 371 A.2d 468, 476 (1977)):

"The findings of the PCHA court, which hears the evidence and passes on the credibility of the witnesses, should be given great deference. See *Commonwealth v. Smith*, 454 Pa. 256, 312 A.2d 396 (1973); *Commonwealth v. Minnick*, 432 Pa. 462, 247 A.2d 569 (1968). Consequently, this Court will not disturb its findings if they are supported in the PCHA record. See *Commonwealth v. Hauser*, 450 Pa. 388, 299 A.2d 218 (1973); *Commonwealth v. Tabb*, 433 Pa. 204, 249 A.2d 546 (1968); *Commonwealth v. Minnick*, supra. This is true even when the record could support a contrary holding. See *Commonwealth v. Hauser*, supra."

■ It will also be recalled that in order to successfully attack a guilty plea in a PCHA proceeding on the ground

to secure witnesses is a matter within the sound discretion of the lower court. *Commonwealth v. Sullivan*, 484 Pa. 130, 398 A.2d 978 (1979).

that it was the product of an involuntary pre-trial confession, a petitioner must demonstrate *all* of the following: that (1) the pre-trial confession was involuntary; (2) the guilty plea was primarily motivated by the confession; and (3) Appellant was incompetently advised to plead guilty in the circumstances rather than stand trial. *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981).

■ Instantly, the record amply supports the lower court's finding that Appellant's confession was voluntary and as a result, that Appellant failed to carry his burden.

At the PCHA hearing, Appellant's guilty plea counsel testified that Appellant told him that Appellant actively sought out Trooper Owczarski for the purpose of confessing. This testimony was fully corroborated by the trooper himself, who testified that Appellant, while on bail as a result of other charges, called the trooper, made an appointment, later voluntarily appeared at the State Police barracks where he met with the trooper and an agent of the Federal Bureau of Investigation, and gave a detailed statement. There is not the slightest suggestion of coercion of any kind in the record. Quite the contrary, it clearly appears that Appellant was most anxious to confess his role in the crime to which he ultimately pleaded guilty. In addition, Appellant agreed with the Pennsylvania State Police and the District Attorney to testify against others implicated in his confession and he did so. The lower court properly could and did find Appellant's statement entirely voluntary, and we will not disturb that finding on appeal. *Commonwealth v. Lowery*, 276 Pa.Super. 569, 419 A.2d 604 (1980).

■ The standard by which we determine the effectiveness of counsel is set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967):

"[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some

reasonable basis designed to effectuate his client's interests." *Id.*, 427 Pa. at 604, 235 A.2d at 352.

At the same time we are reminded that "as counsel does not forego an alternative which offers a substantially greater potential for success when he fails to assert a baseless claim, counsel cannot be found to have been ineffective for failing to make such an assertion". *Commonwealth v. Roman*, 494 Pa. 447, 451, 431 A.2d 936, 939 (1981) (quoting from *Commonwealth v. Hubbard*, 472 Pa. 259, 279, 372 A.2d 687, 696 (1977)).

Counsel testified that his interviews with Appellant and Trooper Owczarski convinced him that there was no conceivable basis upon which a motion to suppress could have succeeded, and further, the filing of such frivolous motion might well have impeded plea negotiations.[11]

The record readily supports counsel's determination in both respects and the lower court so found.[12] Again, we will not disturb that finding on appeal. *Commonwealth v. Roman*, supra.

Affirmed.

11. It will be recalled that in exchange for Appellant's plea to the single charge of theft by receiving stolen property, the Commonwealth *nol prossed* nine other unrelated charges then pending against Appellant.

12. The lower court said, on the question of the plea bargain: "The credibility of this defendant is badly shaken by his admission of false statements to the Court and to others. The defendant argues that his counsel should have filed a Motion to Suppress prior to his plea. However, the evidence indicates that the Defendant wished to clean up all possible charges pending against him. He, therefore, entered into a plea bargain whereby admitting to this one charge, he had nine (9) other independent charges *nol prossed*. It is obvious that if his counsel attacked the statement concerning the Defendant's admission to this one crime, there could be no plea bargain. What the Defendant is saying in reality is that he wanted a bargain whereby all charges were dropped and he received no additional prison time. However, the record shows that is not the bargain he made. Considering all the other charges pending against this Defendant, the Court finds his counsel's action in recommending this plea bargain had a reasonable basis designed to effectuate his client's interest." *Opinion*, Walsh J., pp. 2–3.