## Pocono Farms East Assn. Inc. v. Sanford

*Edmund G. Flynn,* for plaintiff.
*Philip P. Morrisey,* for defendants.

WILLIAMS, *Sr. J.,* March 4, 1986—District Justice Clara Pope on September 9, 1985 entered judg-

ment in favor of plaintiff and against defendants in the sum of $563.25. Notice of the entry of judgment was given on September 10, 1985. On October 15, 1985, defendants filed notice of appeal from the judgment entered by the district justice. Plaintiff has moved the court to strike the appeal as untimely taken, or in the alternative to enter judgment on the pleadings. In a brief filed by defendants in opposition to the motion, but not in the answer to the motion to strike, defendants defend the late filing of notice to appeal by asserting they were given incorrect advice by the district justice as to the time in which the appeal must be taken. They assert District Justice Pope advised defendants that they had 30 days from the date of receiving notice of entry of judgment in which to file notice of appeal. However, Pa.R.C.P. 1002 requires such notice to be given within 30 days of entry of judgment.

While, if properly pleaded and proven, a breakdown in the judicial system would warrant the court in permitting the filing of an appeal nunc pro tunc, as the pleadings stand there is nothing in the record of an evidentiary character which warrants us to permit the instant appeal to stand. Defendants' answer to plaintiff's motion does not raise the issue of incorrect advice given by the district justice. The facts concerning the alleged incorrect advice only appear in defendants' brief.

In Commonwealth v. Stanton, 294 Pa. Super. 516, 440 A.2d 585 (1982), the court considered the identical issue before us and said:

"[2] The practice of setting forth facts in a party's brief but not of record has been specifically condemned and we may not, as a reviewing court, consider them. In re Legislative Route 1018, 422 Pa. 594, 595, n.1, 222 A.2d 906, 907, n.1 (1966); Marine Bank v. Huhta, 279 Pa. Super. 130, 139, n.5,

420 A.2d 1066, 1070, n.5 (1980); Gee v. Eberle, 279 Pa. Super. 101, 120, 420 A.2d 1050, 1060 (1980); Pennsylvania Higher Education Assistance Agency v. Devore, 267 Pa. Super. 74, 77, n.3, 406 A.2d 343, 344, n.3 (1979), quoting from In the Interest of Carroll, 260 Pa. Super. 23, 27, n.4, 393 A.2d 992, 995, n.4 (1978). As the Commonwealth Court succinctly put it, in Zinman v. Com. of Pa., Dept. of Insurance, 42 Pa. Commw. 270, 400 A.2d 689 (1979):

'It is of course fundamental that matters attached to or contained in briefs are not evidence and cannot be considered part of the record. . .on appeal.' [Citations omitted.] Id., 42 Pa. Commw. at 274, 400 A.2d at 691."

Since under the above-cited cases, the alleged error of the district justice is not part of the record before us. As the record stands it is void of any evidence which would sustain the timeliness of the appeal. This being true, we do not reach the second issue raised by plaintiff.

## ORDER

And now, this March 4, 1986, plaintiff's motion to strike defendant's appeal is granted.