J-S30027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALLEN KELLY | : | |
| | : | |
| Appellant | : | No. 1796 MDA 2016 |

Appeal from the Judgment of Sentence May 26, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0001913-2015

BEFORE:   SHOGAN, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JULY 26, 2017**

Appellant, Allen Kelly, appeals from the judgment of sentence of nine months to two years of incarceration, imposed May 26, 2016, following a jury trial resulting in his conviction for forgery and identity theft.[1]   We affirm.

The trial court summarized the facts of the case as follows:

On March 17, 2015, [Appellant] mailed a letter along with a Petition for Bail Pending Resolution of Petition for Post-Conviction Relief (hereafter "[Petition for Bail]") to the Lebanon County Clerk of Courts Office.  [Appellant] also mailed copies of the letter and [Petition for Bail] to the undersigned Jurist and to Attorney Nichole Eisenhart of the District Attorney's Office.

At the time that [Appellant] mailed his letters to the above individuals, he was being represented by court-appointed counsel, Attorney Melissa Montgomery.   Because Attorney

_____

[1] 18 Pa.C.S. § 4101(a)(1), 18 Pa.C.S. § 4120(a).

Montgomery represented [Appellant], Ms. Eileen Lutz of the Lebanon County Clerk of Courts Office advised Attorney Montgomery that the envelope that contained the letter and [Petition for Bail] received originated from SCI Huntingdon.

Attorney Montgomery stated that she did not send the letter and [Petition for Bail] to the Clerk of Courts office on behalf of [Appellant]. In fact, Attorney Montgomery testified that during the time period that she was representing [Appellant], [Appellant] had filed numerous *pro se* Petitions for Bail, all of which were denied. She further testified that she and [Appellant] had both verbal discussion and written communications concerning bail and that she had informed [Appellant] that any further motions would be frivolous. She indicated to [Appellant] that she would not file the bail motions as he requested. She reiterated her refusal to file a [Petition for Bail] in a letter to [Appellant] dated January of 2015.

Upon review of the letter provided to Attorney Montgomery by the Clerk of Courts Office, Attorney Montgomery stated that the letterhead mimicked the letterhead used by her office and that it was consistent with the letterhead used in correspondence sent by her to [Appellant]. Said document included Attorney Montgomery's name, law firm, and attorney identification number. The identification number is required to be included by attorneys when filing documents. There was also a Certificate of Service attached to the document which reflected that Attorney Montgomery personally served the District Attorney's Office with a copy of the Motion. Attorney Montgomery stated that she did not give [Appellant] permission to use her letterhead in his filing nor did she give him permission to file the document on her behalf. She also stated that no copy of the letter and Motion in question was ever received by her office and that the only way she knew of the letter and document was when she received a telephone call from the Clerk of Court's Office.

As a result of the above, Trooper Daniel Womer of the Pennsylvania State Police performed an investigation. When Trp. Womer spoke with [Appellant], [Appellant] stated he made a mistake. When Trp. Womer indicated to [Appellant] that he could be charged with Forgery, [Appellant] stated that he could not be charged because the document was not signed by [Appellant].

[Appellant] was ultimately charged with Forgery and Identity Theft. The [court] granted permission for Attorney Montgomery to withdraw as counsel in [Appellant]'s PCRA case.[2] At the same time, Attorney Andrew Morrow was court-appointed to represent [Appellant] with respect to this matter.

A criminal jury trial was eventually conducted on March 9, 2016. Prior to the trial, the parties determined that the Identity Theft charge should be reduced from an F3 to an M1. When [Appellant] testified at the trial, he stated that he was unhappy with Attorney Montgomery for her failure to file the Petition he wanted filed. He admitted that he sent the letter and Motion he created on his personal typewriter to the Clerk of Court's Office, the District Attorney's Office and to Judge Charles from SCI Huntingdon. He further stated that he did not obtain Attorney Montgomery's permission to use her name, address and identification number on the letterhead as if it was coming from her office.

Trial Court Opinion, 9/27/16, at 1-4 (citations omitted).

In March 2016, a jury trial commenced, after which Appellant was found guilty of the aforementioned crimes. He was sentenced as outlined above. Appellant timely filed a post sentence motion, which was denied by the trial court in September 2016. Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive statement.

Appellant raises the following issues for review:

A. Did the trial court err in finding that the Commonwealth presented sufficient evidence to sustain Mr. Kelly's convictions of the forgery and identity theft charges, thereby necessitating a judgment of acquittal on both charges?

_____

[2] ***Commonwealth v. Kelly***, 928 MDA 2016, awaiting PCRA decision.

B. Did the trial court err by not finding Mr. Kelly entitled to a judgment of acquittal due to his assertion he was convicted due to his race?

C. Did the Honorable Bradford H. Charles err by failing to recuse himself as Judge in Mr. Kelly's case given the comments made in his September 27, 2016 opinion and order?

Appellant's Brief at 5.

Appellant's first contention is that the Commonwealth failed to present sufficient evidence to sustain his convictions for forgery and identity theft. Specifically, Appellant contends there was insufficient evidence as he did not intend to injure or defraud the victim and he did not act to further an unlawful purpose as required to prove forgery and identity theft, respectively. Appellant's Brief at 7.

The standard of review for a challenge to the sufficiency of evidence is *de novo*, as it presents a question of law. ***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1235 (Pa. 2007).

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction … does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

***Id.*** at 1235-36 (emphasis added). "When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish

- 4 -

all of the elements of the offense beyond a reasonable doubt." ***Id.*** at 1237 (citation omitted).

Appellant first challenges the sufficiency of the evidence in relation to his forgery conviction. The crimes code defines forgery as follows:

> (a) Offenses defined. - - A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:
>
>> (1) alters any writing of another without his authority;
>>
>> (2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or
>>
>> (3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

18 Pa.C.S.A. §4101.

According to Appellant, the Commonwealth failed to present evidence sufficient to establish his fraudulent intent. Appellant's Brief at 14. Appellant admittedly mailed a letter and a Petition for Bail with the victim's name, attorney identification number, and firm address. Notes of Testimony, 3/9/16 at 72. Further, he submitted his filing after being advised by counsel that she would not file a Petition for Bail on Appellant's behalf. ***Id.*** at 69-70.

Nevertheless, in support of his claim, Appellant notes that he did not sign the document, nor did he copy the letterhead verbatim. He suggests that he knew the court would contact the victim once his filing was received. According to Appellant, it was his hope that, upon receipt, Attorney Montgomery would sign and file the petition. *Id.* at 65.

Attorney Montgomery testified that she informed Appellant both in writing and verbally that filing a bail motion was frivolous, as a prior motion was denied by the court. Notes of Testimony at 8-12. Yet, after their repeated communication Appellant created the bail motion containing Attorney Montgomery's name and bar number. A jury could conclude from such evidence that in forging the bail motion, Appellant had fraudulent intent. *See, e.g., Commonwealth v. Ryan*, 909 A.2d 839 (Pa. Super. 2006) (inferring intent to defraud based on Appellant's actions). Thus, Appellant's claim is without merit.[3]

Appellant next asserts that the evidence was insufficient to sustain his conviction for identity theft. The crimes code defines identity theft as follows:

_____

[3] We note further that Appellant's credibility is at the heart of his argument. "Issues of credibility are solely within the province of the trier of fact." *Commonwealth v. Ferguson*, 516 A.2d 1200, 1202 (Pa. Super. 1986). This Court may not engage in post-verdict credibility discussions; as such, we will not disturb the credibility determinations made by the jury. Nevertheless, such a claim is more appropriately directed to the weight of the evidence, not its sufficiency. *See, e.g., Commonwealth v. Sullivan*, 864 A.2d 1246, 1249-1250 (Pa. Super. 2004).

     (a)    Offense defined - - A person commits the offense of identity theft of another person if he possesses or uses, through any means, identifying information of another person without the consent of the person to further any unlawful purpose.

18 Pa.C.S.A. §4120.

Appellant incorporated his forgery argument into his discussion on identity theft, in addition asserting that he did not submit the Petition for Bail in an effort to "further an unlawful purpose". Appellant's Brief at 22. As previously discussed, the evidence presented was sufficient to sustain a conviction of forgery, clearly an "unlawful purpose." Thus, Appellant's contention is without merit.

In his second issue, Appellant contends that he was convicted as a result of his race. In support of his claim, Appellant again asserts that the Commonwealth failed to prove beyond a reasonable doubt the elements of forgery and identity theft. Appellant also states that he was tried by an all-white jury. For these reasons, according to Appellant, "he must have been convicted due to being an African-American defendant." Appellant's Brief at 25-26.

In order to establish a violation of the "fair-cross-section" requirement of the Sixth and Fourteenth Amendments, an appellant must show:

> (1) That the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury selection process.

*Commonwealth v. Harris*, 424 A.2d 1245, 1247 (Pa. 1981) (citations omitted).

Here, Appellant fails to offer any evidence suggesting that African-Americans were excluded from the jury. Appellant merely makes a blanket assertion that due to the overwhelming evidence of his innocence, the only reason he was convicted was due to his race. Appellant's Brief at 25. Appellant fails to establish the requirements set forth in *Harris*. Thus, Appellant's contention must be rejected.

Appellant's final issue is that the judge erred by failing to recuse himself.[4] Appellant asserts that the judge was biased against him based on comments made in the September 27, 2016 Order and Opinion. Appellant's Brief at 30. Specifically, Appellant points to the race discussion in the trial court's opinion and the trial court's description of Appellant's arguments as "ridiculous" and telling him to "get over it." Appellant's Brief at 28, 31.

The party who asserts that a judge should be disqualified bears the burden of producing evidence establishing bias, prejudice or unfairness necessitating recusal, and failure to adduce competent evidence will result in

---

[4] Commonwealth asserts waiver of this issue for failing to raise it by petition prior to his appeal, citing *Residents of Buckingham Springs v. Bucks Cty. Assessment Office*, 60 A.3d 883 (Pa. Cmwlth. 2013). Nevertheless, Appellant's asserted ground for recusal did not arise until the trial court denied his post-sentence motions. Accordingly, we decline to find waiver. *Reilly by Reilly v. Se. Pa. Transp. Auth.*, 479 A.2d 973, 989 (Pa. Super. 1984).

denial of recusal motion. ***Commonwealth v. Stanton***, 440 A.2d 585, 588 (Pa. Super. 1982).

> Regarding recusal, our Supreme Court has articulated as follows:
>
> As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged … Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, the decision will not be over-turned on appeal but for an abuse of discretion.

***Commonwealth v. White***, 734 A.2d 374, 383-384 (Pa. 1999) (citations omitted).

> In rejecting Appellant's argument, the trial court stated:
>
> In this case, [Appellant] has absolutely no basis to force this Jurist to recuse himself. [Appellant] has not met the requisite standard demonstrating recusal as necessary in this matter. There was no showing of judicial abuse of discretion either. At most, [Appellant] has argued that this Jurist was "biased" because he failed to adopt [Appellant's] proffered positions. This is not a proper ground for recusal.

Trial Court Opinion at 11.

While the record reflects that the trial court was exasperated by Appellant's claims, there was no evidence of bias. ***See Commonwealth v. Abu-Jamal***, 720 A.2d 79, 89 (Pa. 1998) ("Although we do not condone unjustified or indiscriminate rhetoric on the part of a presiding judge, we are nevertheless mindful of the fact that judges, too, are subject to human emotion."). Therefore, we discern no abuse of discretion in the trial court's denial of request for recusal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/2017