410 A.2d 324

**COMMONWEALTH of Pennsylvania**

v.

**Alfred COSTANZO, Appellant.**

Superior Court of Pennsylvania.

Argued July 17, 1979.

Filed Sept. 14, 1979.

Petition for Allowance Denied
Jan. 21, 1980.

414

George A. Heitczman, Bethlehem, for appellant.

Richard Shiroff, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WIEAND, Judge:

■ Alfred Costanzo was tried by jury and found guilty of third degree murder in the shooting death of Stewart Beatty. At trial, he presented no evidence. On direct appeal, following the denial of post trial motions, he contends that the Commonwealth's evidence was insufficient to sustain a finding of an unjustified killing, i. e., one that was not committed in self-defense. We disagree.

The test to be applied is whether the evidence and all reasonable inferences therefrom were sufficient to support a finding of guilty by a jury beyond a reasonable doubt. *Commonwealth v. Duncan*, 473 Pa. 62, 373 A.2d 1051 (1977); *Commonwealth v. Mitchell*, 460 Pa. 665, 334 A.2d 285 (1975).

The Commonwealth's evidence at trial established that Stewart Beatty had been shot and killed on April 9, 1977 while in the basement of appellant's home. In a statement given to the police following the incident, appellant admitted that he had shot Beatty, but claimed that he did so because Beatty had attacked him with a knife. The evidence showed that a knife had been found in the basement near the body of the decedent.

Medical evidence showed that the fatal bullet had entered Beatty's body at the armpit and had travelled through his body in a downward direction. The inference which the Commonwealth asked the jury to draw from this fact was that the shot had been fired while appellant was in a position above Beatty.

* Justice Robert N. C. Nix, Jr. of the Supreme Court of Pennsylvania, and Judge I. Martin Wekselman of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

The rifle used by appellant was owned by his son, Alfred Costanzo, Jr., who lived with appellant. The younger Costanzo testified that he kept the gun, along with a box of ammunition, in the closet of his second story room. Appellant's son had last used the rifle approximately one week before the shooting and had returned the gun and ammunition to the closet. The box of ammunition, he said, had then contained seven live rounds of ammunition. This box, when found in the basement of appellant's home after the shooting, contained only one live round. The rifle, which appellant delivered to the police, contained five live rounds. One spent casing was found on the basement floor.

The Commonwealth also introduced testimony by the decedent's wife that she had seen her husband and appellant's wife together on several occasions. Sometime prior to April 9, she had told appellant of her observations and suspicions. Appellant responded that he was not aware of the situation but that he would take care of it.

When there is evidence, from any source, that the defendant may have been acting in self-defense, the burden is on the Commonwealth to establish beyond a reasonable doubt that the killing was unjustified. *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979); *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977).

To establish a valid claim of self-defense, it must appear that:

(a) the slayer was free from fault in provoking or continuing the difficulty which resulted in the slaying; (b) that the slayer must have *reasonably* believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to use such force in order to save himself therefrom; and (c) the slayer did not violate any duty to retreat or to avoid the danger. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. Cropper* [463 Pa. 529, 345 A.2d 645], supra.

*Commonwealth v. Black*, supra, 474 Pa. at 53, 376 A.2d at 630.

418

■ Although self-defense was certainly an issue, the evidence did not establish as a matter of law that appellant had killed in self-defense. The jury was not required to accept the entirety of the statement made by appellant following the shooting. It could accept some, none, or all of that statement. *Commonwealth v. Smith*, supra; *Commonwealth v. Hinchcliffe*, 479 Pa. 551, 388 A.2d 1068 (1978). Other evidence presented by the Commonwealth suggested a malicious and unjustified killing. Thus, the jury could have found that the rifle did not belong in the basement and that its presence at the time of the shooting was not consistent with its use to protect against an unexpected knife attack. Under the circumstances proved by the Commonwealth, a jury could have found that appellant, jealous because of decedent's relationship with appellant's wife, had intentionally armed himself before entering the basement and had there incited a confrontation during which he shot decedent maliciously and without justification while standing above him on the cellar steps.

Appellant also contends that the trial court erred in admitting into evidence, over appellant's objection, a sock which had been used by appellant's son to cover the barrel of the rifle and a blanket in the folds of which the sock was found after the shooting. Both were in the basement. Appellant contends they were irrelevant.

■ Evidence is relevant if the inference sought to be raised by the evidence bears upon a matter at issue in the case, and the evidence renders the desired inference more probable than it would be without the evidence. *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976); *Commonwealth v. Stewart*, 461 Pa. 274, 336 A.2d 282 (1975). Rulings on the relevancy of evidence rest within the sound discretion of the trial court and will not be reversed in the absence of a manifest abuse thereof. *Commonwealth v. Scott*, 469 Pa. 258, 365 A.2d 140 (1976).

■ Appellant's son testified that he kept the barrel of his rifle covered with a sock similar in appearance to the

sock received in evidence, although he could not be certain that it was the same sock. The Commonwealth intended by this evidence to create an inference that appellant had removed the sock from the barrel and that later he intentionally hid it in the blanket. This evidence was a relevant circumstance, and the trial court did not abuse its discretion in allowing the evidence to be introduced. The fact that the sock was not positively identified as the one that had been covering the rifle affected only the weight of the evidence, not its admissibility. See: *Commonwealth v. Ford*, 451 Pa. 81, 301 A.2d 856 (1973).

 Finally, appellant contends that the testimony of the decedent's wife should have been excluded by the trial court. This testimony was clearly relevant to establish a possible motive for the shooting by appellant. Evidence of motive is always admissible. *Commonwealth v. Faison*, 437 Pa. 432, 264 A.2d 394 (1970). The trial court's allowance of such testimony was proper.

The judgment of sentence is affirmed.