455 A.2d 153

**COMMONWEALTH of Pennsylvania**

v.

**Alfred COSTANZO, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 6, 1981.

Filed Jan. 14, 1983.

George J. Blasco, Easton, for appellant.

Donald Corriere, District Attorney, Easton, for Commonwealth, appellee.

Before SPAETH, ROWLEY and LIPEZ,* JJ.

ROWLEY, Judge:

This is an appeal from an order of the trial court denying appellant's claim for relief pursuant to the Post Conviction Hearing Act (hereafter "PCHA").[1]

Appellant was tried before a jury and on September 13, 1977, was found guilty of third degree murder in the shooting death of one Stewart Beatty. This court affirmed the conviction on direct appeal, *Commonwealth v. Costanzo,* 269 Pa.Super. 413, 410 A.2d 324 (1979). The Pennsylvania Supreme Court denied appellant's petition for allowance of appeal on January 21, 1980. Thereafter, on July 30, 1980, appellant filed a *pro se* PCHA petition raising claims of ineffectiveness of both trial counsel and appellate counsel. New counsel was appointed to represent appellant. After a hearing at which both trial and appellate counsel testified, the PCHA court concluded that neither counsel had been ineffective and denied the requested relief. This appeal followed. We affirm.

* This case was reassigned to the above-named panel on October 21, 1982.

1. Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. § 1180–1 et seq., *repealed,* Act of April 28, 1978, P.L. 202, No. 53, § 2(2) (1397) effective June 27, 1980, *as amended* by Act of June 26, 1980, P.L. 265, No. 77, § 2 delaying repeal until June 27, 1981, *as further amended* by the Act of June 26, 1981, P.L. 123, No. 41, § 1 delaying repeal until June 26, 1982, *repealed* by Act of May 13, 1982, P.L. 587, No. 1982–122, § 3, *replaced* by 42 Pa.C.S. § 9541 et seq.

■■■■■■■

■ Appellant has been represented by four different counsel at various stages of these proceedings: preliminary hearing, trial, direct appeal and post conviction. In his brief to this court appellant states the *sole* question presented as follows:

> Whether *trial* counsel was ineffective by his failure to pursue pre-trial motions challenging the warrantless arrest of his client or the warrantless search of his dwelling and seizure of evidence used against him. (Emphasis added.)

In the absence of a claim that appellate counsel was ineffective we may find that the claim as to trial counsel's ineffectiveness has been waived because:

> [I]neffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose ineffectiveness is being challenged no longer represents the defendant. *Commonwealth v. Hubbard*, 472 Pa. 259, 276 n. 6, 372 A.2d 687, 695 n. 6 (1977).

However, in this case appellate counsel's alleged ineffectiveness was fully litigated before the PCHA court: it was raised in appellant's *pro se* petition, brought to the attention of the court at the outset of the PCHA hearing, appellate counsel testified at some length, and both appellant and the Commonwealth, in their briefs to this court, have argued the appeal on its merits without raising any claim of waiver. While we may consider the waiver issue *sua sponte, Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977), *Commonwealth v. Harper*, 292 Pa.Super. 192, 436 A.2d 1217 (1981), under the present circumstances we attribute the narrowness of the question presented by appellant to clerical error or oversight rather than an intentional abandonment of a claim of error. Because we conclude that appellant has challenged the effectiveness of appellate counsel and preserved the issue for review, we will consider the merits of appellant's claim. *See Commonwealth v. Watlington*, 491 Pa. 241, 420 A.2d 431 (1980) and

*Commonwealth v. Hubbard,* 472 Pa. at 277 n. 7, 372 A.2d at 695 n. 7.

In reviewing the trial court's denial of PCHA relief, we note initially that "the burden of proving ineffectiveness must be shouldered by the appellant at the PCHA proceedings." *Commonwealth v. Helvy,* 278 Pa.Super. 458, 462, 420 A.2d 631, 633 (1980).

> In reviewing the PCHA court's determination, our task is not to engage in a *de novo* evaluation of the testimony presented at the PCHA hearing. Rather, we look to whether the PCHA court's determination is supported by evidence of record and is otherwise free of legal error. The findings of the PCHA court, which hears the evidence and passes on the credibility of the witnesses, should be given great deference. Consequently, this court will not disturb its findings if they are supported in the PCHA record. This is true even when the record could support a contrary holding. *Commonwealth v. Stanton,* 294 Pa.Super. 516, 526, 440 A.2d 585, 590 (1982) (citations omitted).

*See also Commonwealth v. Stokes,* 294 Pa.Super. 529, 536, 440 A.2d 591, 595 (1982). Furthermore, in assessing claims of ineffectiveness of counsel, we must examine the PCHA record in light of the two-tiered analysis enunciated in *Commonwealth v. Hubbard,* 472 Pa. 259, 277–278, 372 A.2d 687, 695–696 (1977).

> In resolving this contention we are guided by the standard set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):
>
>> "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests."
>
> The initial factor which must be considered in applying this reasonable basis standard is whether the claim which post-trial counsel is charged with not pursuing had some reasonable basis.... It is only when the claim which was foregone was of some arguable merit that we must

make an inquiry into the basis for the post-trial counsel's decision not to pursue the matter. Thus, the starting point of our inquiry is whether there were reasonable grounds upon which to advance the ... claims which were not advanced. (Emphasis in the original.)

Where, as here, appellant asserts that appellate counsel was ineffective for failure to raise trial counsel's ineffectiveness,

the threshold question is whether the allegations of trial counsel's ineffectiveness would have been frivolous. If so, we need engage no further in exploration of the basis of post-conviction counsel's omission. *Id.*, 472 Pa. at 281, 372 A.2d at 697.

In applying this principle to claims of successively ineffective counsel, we are guided by the *Hubbard* Court's method of analysis. There, the court undertook an examination of trial counsel's conduct to ascertain whether the actions omitted by trial counsel were "arguably important and had a chance of succeeding." *Id.*, 472 Pa. at 285, 372 A.2d at 699. Only if we conclude that the omissions were important and stood a chance of succeeding are we required to inquire into trial counsel's reasons for failing to act. If there were no reasonable basis for trial counsel's failure, we would then apply the two-step analysis to appellate counsel's course of conduct. *Id.* Finally, although "the failure to file a suppression motion may be evidence of ineffective assistance of counsel," if the basis for the motion is meritless counsel cannot be deemed ineffective. *Commonwealth v. Ransome*, 485 Pa. 490, 402 A.2d 1379 (1979).

■ Upon examining the record in light of the foregoing standards, we find that the omissions by trial counsel, about which appellant now complains, were not shown to have "a chance of succeeding." Thus, any claim on direct appeal that trial counsel had been ineffective would have been frivolous. Appellate counsel could not, therefore, have been ineffective on the grounds here asserted by appellant. We therefore affirm the order of the trial court.

First, there is no reasonable basis upon which trial counsel could have attacked appellant's arrest as being without probable cause. Appellant summoned the police to his home, admitted that he shot the victim and, upon request, delivered to a police officer the weapon he had used, a rifle. Appellant consistently claimed that he had used the rifle only in self-defense, but this self-serving statement, without more, does not eliminate the existence of probable cause. On direct appeal, Judge Wieand made an observation as to the jury's ability to infer certain facts which we find pertinent in this context as well.

> [T]he jury could find that the rifle did not belong in the basement and that its presence at the time of the shooting was not consistent with its use to protect against an unexpected knife attack. *Commonwealth v. Costanzo*, 269 Super. at 418, 410 A.2d at 326.

There is no reason that the police officer could not draw these same inferences. The standard applicable to a probable cause determination is, and must be, less strict than the standard of proof beyond a reasonable doubt by which a jury must abide. The PCHA court properly concluded that sufficient facts were available to the arresting officer to justify a man of reasonable caution to believe that a crime had been committed and that the appellant was the probable perpetrator. *Commonwealth v. Jones*, 457 Pa. 423, 428, 322 A.2d 119, 123 (1974). Appellant's argument to the contrary is totally without merit. Thus post-trial counsel reasonably refrained from alleging trial counsel's ineffectiveness on this ground. Appellate counsel was therefore not ineffective.

Second, we likewise cannot agree that trial counsel had any reasonable basis for challenging the searches and seizures which took place in appellant's home subsequent to his arrest.[2] At the PCHA hearing trial counsel testified that, after the preliminary hearing, he had interviewed

---

2. On direct appeal, appellant challenged the admission of the evidence seized during these searches, but only upon the ground that it was irrelevant. There was no objection on the ground that the evidence was the product of an illegal search.

appellant, appellant's wife, prior counsel and the police. He further stated that he had concluded on the basis of the information given him that the police had obtained a valid consent to perform the searches and seize the evidence. Appellant put on no witnesses to challenge trial counsel's testimony and conclusion. His testimony stands essentially unrebutted upon the PCHA record.[3] This testimony fully warranted the conclusion reached by the PCHA court that appellant failed to carry his burden of showing that a motion to suppress stood "a chance of success" because, of course, consent is an exception to the warrant requirement. *See, e.g.; Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Thus, appellate counsel was, on this record, not shown to have been unreasonable in refraining from alleging trial counsel's ineffectiveness on this ground as well.

Because the omissions of trial counsel were not shown to have any chance of succeeding, appellate counsel had no reasonable grounds upon which to assert trial counsel's ineffectiveness upon appeal. Appellate claims as to trial counsel's ineffectiveness on these grounds would have been frivolous. Therefore, the claim that appellate counsel was ineffective is without merit. We need not inquire into appellate counsel's reasons for failing to raise these issues on appeal for counsel cannot be found ineffective for failure to raise meritless claims. *Commonwealth v. Hubbard,* 472 Pa. at 278, 372 A.2d at 696.

Order affirmed.

3. Appellant's arguments are based primarily upon testimony given at the preliminary hearing. But trial counsel testified that his investigation occurred after the preliminary hearing and, accordingly, that, in making his determination not to press any pre-trial motions, he relied upon more information than provided in that transcript. We also emphasize that it is the PCHA record which we review and the credible testimony produced at the PCHA hearing which supports the PCHA court's determination which we are required to search out. Once we conclude that there is evidence to support the determination of the PCHA court and that that court's ruling is otherwise free from error, we will uphold that determination.