## Commonwealth v. Lucas

*John J. Burfete, chief deputy attorney general,* for the Commonwealth.
*Mark S. Love,* for defendant.

VANSTON, *P.J., Specially Presiding,* April 1, 1992—Before the court for disposition is the defendant's omnibus pre-trial motion consisting of ten subparts. This opinion addresses the issues presented in the motion in a somewhat different order than as framed by counsel.

The defendant has moved to suppress certain evidence in the nature of recordings made of conversations between the defendant and one Thomas Kenney. The defendant, at all material times, was an assistant district attorney of Monroe County. The Federal Bureau of Investigation initially undertook an investigation in this matter, but determined that federal jurisdiction was lacking. The matter was then referred to the Pennsylvania State Police.

As part of their investigation, the state police decided to place a hidden tape recorder and radio transmitter on the body of Thomas Kenney to record his conversations with the defendant. Kenney agreed to do this, but his consent required the approval of either a duly authorized representative of the District Attorney's Office or a deputy attorney general (see 18 Pa.C.S. §5704). For obvious reasons, seeking the approval of the District Attorney's Office was not appropriate. Accordingly, the approval of a deputy attorney general was sought and gained. As a result, conversations were recorded on April 24, April 30, and May 28, 1991.

On June 6, 1991, the district attorney of Monroe County, at or near the time of the defendant's arrest, requested that this matter be prosecuted by the Attorney General's Office pursuant to the "Commonwealth Attorneys Act" (71 Pa.C.S. §732-101 et seq.) supersession provisions (see §732-205(a)(3)). The attorney general agreed.

The defendant now complains that the attorney general had no authority to act prior to the request of June 6, 1991; that, as a consequence, the Attorney General's Office approval of the consensual wiretaps of April and May is a nullity; that without such proper approval, the results of the wiretaps should be suppressed.

While this writer agrees with the defendant's contention that the attorney general had no authority to prosecute prior to June 6, 1991, he is constrained to disagree that the attorney general was without authority to approve the consensual wiretaps. Such authority

is specifically granted in 18 Pa.C.S. §5704(2), which must be read in pari materia with the Commonwealth Attorneys Act. Further, one cannot find within the Commonwealth Attorneys Act any prohibition of investigation of a criminal matter by the Office of the Attorney General. The relevant portion of the Act provides:

"The attorney general shall have the power to *prosecute* in any county criminal court ... upon the request of a district attorney ... who represents that there is the potential for an actual or apparent conflict of interest on the part of the district attorney or his office." 71 P.S. §732-205(a)(3). (emphasis added)

Although the term "prosecute" is not defined in the Act, it is clear that the legislature intended to distinguish between "prosecute" and "investigate" (see §732-205(a)(6)). Section 732-206 empowers the attorney general to investigate any criminal offense which he has the power to prosecute under section 732-206. This has been construed to require a reasonable belief on the part of the attorney general of such power of prosecution. *Commonwealth v. Goodman,* 347 Pa. Super. 403, 500 A.2d 1117 (1985).

But it is not clear that the Office of Attorney General "investigated" this matter. The FBI referred the matter to the state police, and the state police conducted the investigation. The role of the deputy attorney general was, essentially, limited to approving the consensual wiretap and loaning a recorder and transmitter to the state police. On one occasion, an agent employed by the attorney general helped to place a transmitter on the body of Thomas Kenney. "Investigate" is defined

as "inquire into systematically." *Webster's New World Dictionary,* 1989, p. 710. The evidence before the court is clear: The state police investigated this matter, not the attorney general. Accordingly, the suppression motion must fail. Further, to hold otherwise would effectively prevent police agencies in this Commonwealth from using electronic surveillance when investigating criminal charges against district attorneys or members of their staff.

The defendant also seeks suppression of the recordings of the conversations on other bases. It is not necessary for the court to address each basis at length. The evidence presented was unequivocal that Kenney had given appropriate consent to the interception; that the police officers were duly trained and certified. Further, 18 Pa.C.S. §5708 does not apply to the manner of interception here employed.

The defendant next seeks dismissal of the criminal charges due to an asserted violation of Pa.R.Crim.P. 132, attacking the sufficiency of the criminal complaint. A reading of the complaint, however, shows that it more than meets the basic requirements of Rule 132. Accordingly, the motion will be denied.

The defendant next seeks dismissal of the charges by reason of a lack of "prima facie showing of official oppression." This the court has already ruled upon in disposing of a prior habeas corpus petition.

The defendant also seeks, by motion in limine, to prevent the Commonwealth from eliciting testimony in the nature of asserted sexual advances by the defendant to Thomas Kenney. The Commonwealth contends that the sexual advances were the motivation for

the defendant's acts of official oppression. Evidence of motive is always admissible. *Commonwealth v. Costanzo*, 269 Pa. Super. 413, 410 A.2d 324 (1979). Therefore, the motion must be denied.

The defendant next moves the court for a change of venue or venire, asserting extensive pre-trial publicity in Monroe County. Absolutely no evidence (i.e., newspaper clippings, circulation figures, newscast transcripts, etc.) has been presented to the court. Accordingly, the motion will be denied, but may be renewed at voir dire, if merited.

Lastly, the defendant seeks dismissal on the basis of the adequacy of the Commonwealth's bill of particulars. The time to interpose this challenge is at trial. The court has no way at present, as it does not know what the evidence will be, to assess the adequacy of the bill of particulars.

## ORDER OF COURT

And now, April 1, 1992, after hearing and argument on defendant's omnibus pre-trial motion and supplemental motion, it is ordered:

(1) Defendant's motion to dismiss for failure to comply with Pa.R.Crim.P. 132(6)(a) is denied.

(2) Defendant's motion to dismiss with reference to the content of the bill of particulars is denied.

(3) Defendant's motion to suppress evidence, specifically the content of interception of electronic, wire or oral communications made on April 24, 1991, April 30, 1991, and May 28, 1991, is denied.

(4) Defendant's motion in limine as to allegations of sexual misconduct is denied.

(5) Defendant's motion for change of venue/venire is denied.

(6) Defendant's motion to dismiss, on the basis that 18 Pa.C.S. §5301 is unconstitutionally vague, is denied.

(7) Defendant's motion for discovery is dismissed as moot.

(8) Defendant's motion to quash/dismiss based on the adequacy of the bill of particulars is denied.

(9) Defendant's motion to quash/dismiss based on the adequacy of the bill of particulars is denied.

(10) Defendant's supplemental motion to suppress evidence is denied.