J-S05013-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GORDON LOUIS PERRY, II, | : | |
| | : | |
| Appellant | : | No. 488 WDA 2014 |

Appeal from the PCRA Order February 20, 2014,
Court of Common Pleas, Blair County,
Criminal Division at No(s): CP-07-CR-0001853-2009
and CP-07-CR-0001855-2009

BEFORE:  DONOHUE, SHOGAN and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MAY 15, 2015**

Gordon Louis Perry, II ("Perry") appeals from the February 20, 2014 order entered by the Blair County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  On appeal, counsel for Perry ("PCRA Counsel") has filed a motion to withdraw as counsel and a "no-merit" brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  Upon review, we affirm and grant PCRA Counsel's motion to withdraw.

On January 20, 2010, a jury convicted Perry of two counts each of possession of a controlled substance, possession of a controlled substance with intent to deliver, and criminal use of a communications facility.  The convictions were based on evidence that Perry sold crack cocaine to a

confidential informant on July 6 and 7, 2009. Perry appealed his conviction and this Court affirmed in an unpublished memorandum on December 6, 2010. On November 23, 2011, Perry filed a timely pro se PCRA petition.[1] The PCRA court appointed counsel, who filed an amended PCRA petition on June 7, 2012, raising four issues: (1) ineffective assistance of counsel for failing to file a pretrial motion to suppress statements made by the confidential informant; (2) ineffective assistance of counsel for not objecting to the Commonwealth's failure to provide all discovery; (3) ineffective assistance of counsel for failing to properly cross-examine the police witnesses and confidential informant; and (4) trial court error for appointing a public defender to represent Perry on direct appeal, as this precluded him from raising his trial counsel's ineffectiveness on direct appeal. The PCRA court held hearings on the amended PCRA petition on February 8 and April 19, 2013.

On April 19, 2013, the PCRA court issued an order for appointed counsel to file upon receipt of the PCRA hearing transcripts "a summary of his position with some detail as to the individual issues." PCRA Court Order, 4/19/13. On May 9, 2013, appointed counsel filed a post-hearing memorandum, including therein two issues that arose through testimony provided at the PCRA hearing: (1) an abuse of discretion by the trial court

---

[1] This petition appears as having been filed on the criminal docket, but is listed as "missing" thereon and is not contained in the certified record on appeal. *See* Criminal Docket at 8.

for failing to appoint new counsel to represent Perry at trial upon learning that trial counsel had also represented the confidential informant in an unrelated criminal matter and (2) ineffective assistance of counsel for failing to obtain the arresting officer's disciplinary records.[2]

On August 20, 2013, the Honorable Jolene Grubb Kopriva, President Judge of Blair County, issued an order appointing PCRA Counsel to represent Perry.[3] On February 20, 2014, the PCRA court issued an opinion and order denying Perry's amended PCRA petition. Perry filed a timely notice of appeal, followed by a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 18, 2014, the PCRA court filed a statement in lieu of a written opinion pursuant to Pa.R.A.P. 1925(a), referring this Court to the existing record for the reasoning behind its decision.

On February 4, 2015, upon finding that the brief filed by PCRA Counsel neither advocated on Perry's behalf nor complied with the **Turner/Finley**

---

[2] In its opinion denying Perry's request for PCRA relief, the PCRA court references a letter filed by originally appointed counsel "supplementing" the amended PCRA petition that reportedly raised the issue of trial counsel's ineffectiveness for failing to request the arresting officers' disciplinary files. **See** PCRA Court Opinion, 2/20/14, at 8. This document does not appear of record. As all of the issues raised were properly preserved through other means, however, it does not hamper our review on appeal.

[3] According to the PCRA court, appointment of PCRA Counsel occurred after originally appointed counsel sustained an injury during an unrelated criminal trial. PCRA Court Opinion, 2/21/14, at 7.

requirements to withdraw as counsel, we remanded the case for PCRA Counsel to file a revised brief on appeal. PCRA Counsel timely complied.

Prior to addressing the issue raised on appeal, we must first determine whether PCRA Counsel satisfied the requirements set forth in *Turner/Finley* for this Court to grant him permission to withdraw as counsel.

> The holdings of [*Turner/Finley*] mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See [Commonwealth v.] Pitts*, [981 A.2d 875, 876 (Pa. 2009)].

> In *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006) *abrogated in part by Pitts, supra*, this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to *Friend*, counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed pro se or with a privately retained attorney. Though [then-]Chief Justice Castille noted in *Pitts* that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of *Friend* as those prerequisites did not apply to the petitioner in *Pitts*. *See Pitts, supra* at 881 (Castille, C.J., concurring).

- 4 -

> After the decision in ***Pitts***, this Court held in ***Commonwealth v. Widgins***, 29 A.3d 816 (Pa. Super. 2011), that the additional procedural requirements of ***Friend*** were still applicable during collateral review.

***Commonwealth v. Freeland***, 106 A.3d 768, 774-75 (Pa. Super. 2014) (quoting ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012), *appeal denied,* 64 A.3d 631 (Pa. 2013)).

In the case at bar, PCRA Counsel has fulfilled the procedural requirements of ***Turner/Finley***. PCRA Counsel states that he reviewed the memorandum filed by prior counsel, transcripts from the case, the PCRA court's decision, and "applicable case law," and "does not see any basis for reversing the trial court's decision." ***Turner/Finely*** Brief at 2. He then lists each issue raised in the amended PCRA petition and post-hearing memorandum filed by prior counsel appointed to represent Perry and states (albeit briefly) why he believes the issues are meritless. ***Id.*** at 3. PCRA Counsel appended a request to withdraw as counsel and the letter he sent to Perry, in which he informed Perry of his right to retain new counsel or proceed pro se, and which also indicated that he sent Perry a copy of his no-merit letter. Perry neither responded to Counsel's letter nor filed anything in this Court.[4]

---

[4] We note that in the letter sent to Perry, PCRA Counsel informed Perry that he had forty-five days to file in this Court a response in support of his appeal. PCRA Counsel's Letter, 2/20/15. We awaited the expiration of that timeframe before deciding this appeal.

Having found that PCRA Counsel complied with the **Turner/Finley** requirements, we now turn to our review of the issues raised on appeal, which, as stated above, mirror those raised in the amended PCRA petition and the post-hearing memorandum. We review a PCRA court's decision to determine whether it is supported by the record and to ensure it is free of legal error. **Commonwealth v. Hackett**, 99 A.3d 11, 50 (Pa. 2014). "We cannot disturb the factual findings of the PCRA court, which hears evidence and passes on the credibility of witnesses, if they are supported by the record, even where the record could support contrary findings." **Id.** (citation omitted). Our scope of review is limited to the PCRA court's findings and the evidence presented at the PCRA hearing, which we view in the light most favorable to the prevailing party. **Id.** at 50-51.

In resolving a question of counsel's effectiveness, we begin with the presumption that counsel rendered effective assistance. **Commonwealth v. Bomar**, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." **Id.** (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. **Id.**

The first issue raised was a claim of trial counsel's ineffectiveness for failing to file a motion to suppress the statements made by the confidential informant obtained through an allegedly illegal wiretap. *See* Amended PCRA Petition, 6/7/12, ¶¶ 19-25. The PCRA court found this issue meritless, as the wiretap in question was lawfully obtained. PCRA Court Opinion, 2/20/14, at 5-6. We agree.

Pursuant to section 5704 of the Wiretapping and Electronic Surveillance Control Act, it is not unlawful, and no court approval is required, for:

> (2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire, electronic or oral communication involving suspected criminal activities, including, but not limited to, the crimes enumerated in section 5708 (relating to order authorizing interception of wire, electronic or oral communications), where:
>
> * * *
>
> (ii) one of the parties to the communication has given prior consent to such interception. However, no interception under this paragraph shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General, or the district attorney, or an assistant district attorney designated in writing by the district attorney, of the county wherein the interception is to be initiated, has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception; however, such interception shall be subject to the recording and record keeping requirements of section 5714(a) (relating to recording of intercepted

> communications) and that the Attorney General, deputy attorney general, district attorney or assistant district attorney authorizing the interception shall be the custodian of recorded evidence obtained therefrom[.]

18 Pa.C.S.A. § 5704(2)(ii).

At the PCRA hearing, trial counsel testified that he reviewed the paperwork attendant to the wiretap and found no reason to file a suppression motion on that basis, as "everything had been done properly[.]" N.T., 4/19/13, at 6. The trial record supports that conclusion, as police testified that the confidential informant, Donna Boore ("Boore"), consented to the wiretap and that the police had Boore meet with the prosecutor to comply with the above requirements. N.T., 1/20/10, at 136.

Perry testified at the PCRA hearing to his belief that ***Commonwealth v. Schaeffer***, 536 A.2d 354 (Pa. Super. 1987) (en banc), *aff'd per curiam without opinion by an equally divided court*, 652 A.2d 294 (Pa. 1994), compels a finding that the wiretap in question was illegal. N.T., 2/8/13, at 8-9. The ***Schaeffer*** case, however, is inapposite to the case at bar. As aptly stated by the PCRA court,

> In ***Schaeffer***, the Pennsylvania Superior Court held that warrantless electronic monitoring of conversations in the suspect's home, even one-party consensual monitoring, violates Pennsylvania's [c]onstitutional protections in Article I, § 8 against unreasonable searches and seizures. [***Schaeffer***, 536 A.2d at 355]. However, [Perry]'s reliance on ***Schaeffer*** is misguided; the interceptions at issue were not obtained in [Perry]'s home and one-party

- 8 -

> consensual interceptions pursuant to [s]ection 5704(2)(ii) of the Pennsylvania Wiretapping and Electronic Surveillance Control Act are not unlawful.

PCRA Court Opinion, 2/20/14, at 5-6.

"[A]lthough the failure to file a suppression motion may be evidence of ineffective assistance of counsel, if the basis for the motion is meritless counsel cannot be deemed ineffective." *Commonwealth v. Costanzo*, 455 A.2d 153, 155 (Pa. Super. 1983) (citing *Commonwealth v. Ransome*, 402 A.2d 1379, 1381 (Pa. 1979)). As such, this claim provides no basis for relief. *See Bomar*, 104 A.3d at 1188.

Perry next raised a claim of trial counsel's ineffectiveness for not objecting to the Commonwealth's failure to provide discovery in this case. *See* Amended PCRA Petition, 6/7/12, ¶¶ 26-29. Perry contends he did not receive the following: (1) Boore's criminal history; (2) records of the authorization by the prosecutor for the wiretap; (3) lab analysis regarding the crack cocaine tested; (4) phone records confirming that Perry was the individual recorded with the wiretap; and (5) the arresting officers' disciplinary files. The PCRA court found that each claim was meritless. PCRA Court Opinion, 2/20/14, at 7-12. Again, we agree.

Beginning with Boore's criminal history, the record reflects that at trial, counsel extensively cross-examined Boore regarding her criminal history, belying Perry's claim that the Commonwealth failed to turn over her criminal record in discovery. Trial counsel questioned her about cases that were

pending at the time of her testimony, N.T., 1/20/10, at 228-29, 255, as well as prior criminal convictions on her record, *id.* at 255-56. There is therefore no support in the record for Perry's claim that the Commonwealth withheld this information.

Nor is there support for his claim that the Commonwealth did not provide in discovery records supporting the authorization of the wiretap by the prosecutor. To the contrary, trial counsel testified at the PCRA hearing: "I was provided documentation regarding the wire taps [sic][.]" N.T., 4/19/13, at 6. The PCRA court found this testimony credible. PCRA Court Opinion, 2/20/14, at 8.

Regarding the lab analysis of the crack cocaine, the record reflects that trial counsel stipulated at trial that the controlled substance recovered by police from Boore following the controlled buys was crack cocaine. N.T., 1/20/10, at 115-18. The Commonwealth read the stipulation into the record, which contained a lengthy and detailed explanation of the testing procedures, the expert testimony that would have been provided by the Commonwealth, the results of the testing, and that the lab reports were received by police. *Id.* There is nothing in the record to support a claim that the Commonwealth did not provide this information to the defense in advance of trial, and neither the PCRA petition nor the testimony at the PCRA hearing establishes a basis for us to conclude otherwise. Perry thus

failed to satisfy his burden of proof on this issue. *See Bomar*, 104 A.3d at 1188.

Perry also claims a discovery violation in the Commonwealth's failure to turn over phone records confirming that the phone to which Boore placed a call was Perry's or that it was Perry's voice on the other end of the line. As Perry admitted at the PCRA hearing, however, the police never obtained such records. N.T., 2/8/13, at 28, 32. The trial record reflects that counsel cross-examined the police on the failure to obtain these records and used this in his summation to argue to the jury that it may not have been Perry's voice they heard in the wiretapped conversations. N.T., 1/20/10, at 142-43; N.T., 1/21/10, at 45. There is no discovery violation if the Commonwealth fails to disclose evidence that it does not possess. *Commonwealth v. Collins*, 957 A.2d 237, 253 (Pa. 2008) (citation omitted).

Lastly, Perry believed the Commonwealth was required to provide in discovery the arresting officers' internal disciplinary files. At the PCRA hearing, Perry testified that he did not know of anything in the files that would be helpful to his case, but that he wanted to review them to see if there was any information he could use for impeachment purposes. N.T., 2/8/13, at 33. In his argument in support of this claim contained in his post-hearing memorandum, Perry relied upon *Commonwealth v. French*, 611 A.2d 175 (Pa. 1992).

In *French*, the defendant alleged that her assault on a police officer occurred in response to that officer's use of excessive force on her boyfriend and friend. *Id.* at 176-77. The internal affairs division of the police conducted an investigation of the events giving rise to the defendant's charges, and the officer's personnel file contained statements of witnesses who testified at the defendant's trial regarding the events of the day. *Id.* at 179. The Commonwealth contended that the files were confidential, and following an in camera review, the trial court agreed and prohibited defense counsel from reviewing the witnesses' statements. *Id.* On appeal, this Court found, and our Supreme Court agreed, that remand was required for defense counsel to examine the statements contained in the internal affairs files to determine whether the witness statements contained therein would have been beneficial to the defense, and if so, for a new trial. *Id.* at 179-80.

*French* is wholly inapposite to the case before us. Unlike the defendant in *French*, Perry does not contend that the arresting officers' disciplinary files contain any information related to the case, and instead seeks to review them in a proverbial fishing expedition to see if he could find any evidence of past police misconduct. This is impermissible. To be entitled to review a police officer's disciplinary files, "a defendant must be able to articulate a reasonable basis for his request[.]" *Commonwealth v.*

*Mejia-Arias*, 734 A.2d 870, 876 (Pa. Super. 1999).  Having failed to do so, Perry is not entitled to relief on this basis.

As none of Perry's discovery-related claims have any support in the record, counsel was not ineffective for failing to object to these meritless allegations of discovery violations by the Commonwealth.  Thus, no relief is due on this issue.

Perry further claimed that trial counsel failed to effectively cross-examine Boore and the arresting officers.  Amended PCRA Petition, 6/7/12, ¶¶ 30-33.  Regarding trial counsel's cross-examination of Boore, Perry testified at the PCRA hearing that trial counsel failed to "delve into" Boore's bias in testifying for the Commonwealth while facing multiple charges for her own drug sales and possession; that she was testifying "under pretenses of trying to get herself out of trouble"; and properly challenge her credibility.  N.T., 2/8/13, at 16.  The PCRA court found, and our review of the record confirms, that this claim is entirely meritless.  PCRA Court Opinion, 2/20/14, at 12-13.  Trial counsel questioned Boore at length regarding her multiple pending criminal charges – one of which related to her concealment from police of crack cocaine purchased during a controlled buy with Perry – and the benefits she hoped to receive at sentencing in those cases by serving as a Commonwealth witness in Perry's case.  N.T., 1/20/10, at 228-29, 254-55, 260-61.  Trial counsel attacked her credibility, repeatedly reminding the jury of prior crimin falsi charges she had on her record, that she lied to police

- 13 -

about using drugs while serving as a confidential informant, concealed crack she obtained during a controlled buy with Perry, and that she further lied to police about what she was going to do with the stolen crack cocaine. *Id.* at 249-50, 255-57. Thus, there is no merit to this contention.

Regarding trial counsel's cross-examination of the arresting officers, Perry testified at the PCRA petition to his belief that counsel failed to question the officers regarding conflicts in their testimony, why police did not arrest Boore when she stole the crack cocaine during the controlled buy, and why police allowed Boore to drive without a license during her time as a confidential informant. N.T., 2/8/13, at 17, 30. Again, the PCRA court found, and our review of the record confirms, that trial counsel questioned the arresting officers in all of these areas, rendering this claim meritless. *See* PCRA Court Opinion, 2/20/14, at 14-15; N.T., 1/20/10, at 160, 184-86, 248; N.T. 1/21/10, at 40.

Perry further raised two claims of trial court error based on: (1) its appointment of another assistant public defender to represent him on direct appeal, thus foreclosing his ability to raise trial counsel's ineffectiveness on direct appeal, and (2) its failure to appoint new counsel once trial counsel disclosed, as the inception of trial, that trial counsel briefly represented Boore in an unrelated criminal matter. Beginning with the first argument, it is clear that Perry was not prejudiced by the inability to raise claims of trial counsel's ineffectiveness on direct appeal, as he had the opportunity to raise

- 14 -

them in his timely filed PCRA petition and have them reviewed by this Court in the instant appeal. Therefore, this argument does not entitle him to relief.

His second argument relating to the trial court's error in failing to appoint new counsel to represent Perry at trial likewise affords him no relief. The record reflects that at the beginning of trial, trial counsel stated the following:

> Your Honor, … approximately some time in mid to late July, the confidential informant in this case[,] Donna Boore[,] had a case at Central Court in Altoona … for a DUI[.] [S]he made an application to the Public Defender's Office [and] she was accepted [for representation.] I personally was the one who met with her, constructed a plea agreement and went ahead and waived her case. When [I] came back to my office[,] they realized that she was a confidential informant on an open case that we got [sic] on [] Perry. At that time[,] probably a week or two later[,] she was conflicted out and given a court appointed attorney. … [A]ll [of] this information was related to Mr. Perry approximately ten minutes ago and I guess we can just see how he feels about me continuing to represent him with that newfound knowledge.

N.T., 1/20/10, at 4.

Perry requested that the trial court appoint new counsel to represent him. *Id.* at 5. The trial court questioned trial counsel about his ability to continue in his representation of Perry, and trial counsel responded that his brief representation of Boore would not influence his performance, but that he was concerned that Perry's confidence in trial counsel's ability to

represent him would be diminished. *Id.* Thereafter, the prosecutor questioned trial counsel on the record about his ability to continue representing Perry at trial. *See id.* at 104-09. Through this questioning, trial counsel stated that he derived no financial benefit from his representation of Boore; he did not represent Boore in any matter that related in any way to Perry's case; he met Boore on only one occasion and the conversation was limited to discussing her driving under the influence charge then pending; and he did not obtain any confidential or privileged information from Boore that would be helpful in his cross-examination of her as a witness in this matter. *Id.*

Prior to testifying, Boore was also questioned by the Commonwealth without the jury present. *See id.* at 201-03. She indicated that although she recalled that trial counsel represented her at the preliminary hearing stage on a DUI charge, she spoke with him for a total of two minutes and the conversation was limited solely to the pending charges. *Id.* at 201-02. She did not share any personal or privileged information with trial counsel and waived any potential conflict of interest that might exist. *Id.* at 203.

Addressing the burden of proof related to a claim of a conflict of interest by counsel, our Supreme Court recently held:

> [A] petitioner "cannot prevail on a conflict of interest claim absent a showing of actual prejudice." *Commonwealth v. Weiss,* [81 A.3d 767, 794 (Pa. 2013)]; *see also Commonwealth v. Hawkins,* [] 787 A.2d 292, 297 (2001) (offering that petitioner

> must demonstrate that counsel's prior representation of Commonwealth witness adversely affected counsel's representation of petitioner under PCRA). … [A]lthough prejudice is presumed when there exists an actual conflict of interest, this presumption is only applicable when counsel actively represented conflicting interests. **Weiss**, [81 A.3d at 795 n.16]. Where counsel does not actively represent conflicting interests, a claim based upon the appearance of a conflict of interest lacks merit. **Id.**

**Commonwealth v. Reid**, 99 A.3d 427, 442-43 (Pa. 2014).

Perry failed to satisfy his burden of proving that an actual conflict of interest existed based upon trial counsel's brief representation of Boore in an unrelated criminal matter. At both the PCRA hearing and in his post-hearing memorandum, Perry pointed only to his personal discomfort with the fact that trial counsel previously represented Boore. **See** N.T., 2/8/13, at 14-15; Memorandum of Law, 5/9/13, at 6, 7-8. The record, however, does not support a finding that trial counsel was actively representing conflicting interests or that Perry suffered any prejudice by trial counsel's prior representation of Boore. **See Reid**, 99 A.3d at 442-43. To the contrary, as stated hereinabove, trial counsel thoroughly cross-examined Boore, bringing to light her history of lying, lengthy criminal history, pending criminal charges, and bias motivated by her hope for leniency at sentencing in her own criminal matters. N.T., 1/20/10, at 228-29, 249-50, 254-57, 260-61; **see Commonwealth v. Tharp**, 101 A.3d 736, 754-55 (Pa. 2014) (finding no actual bias in trial counsel's prior representation of jailhouse informants

- 17 -

where the appellant does not show a "nexus" between the prior representation and counsel's performance at trial, i.e., that counsel "restricted his cross-examination" of his prior clients because of the conflict of interest). We therefore find no error in the trial court's failure to appoint new counsel at trial.

Order affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2015